UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNETTA POWELL, et al.,

    Plaintiffs,

v.

THE BANK OF NEW YORK
MELLON,

    Defendant.
_____/

Case No. 12-cv-14411
Hon. Matthew F. Leitman

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF #13)

### INTRODUCTION

On September 14, 2012, Plaintiffs Annetta Powell and Geneke A. Lyons ("Plaintiffs") filed suit against Defendant The Bank of New York Mellon ("Mellon"). Plaintiffs seek to set aside Mellon's foreclosure on Plaintiffs' property in Commerce, Michigan. Mellon has moved to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court **GRANTS** Mellon's Motion.

### FACTUAL BACKGROUND

On March 9, 2006, Plaintiffs obtained a $634,560 mortgage loan from America's Wholesale Lender to purchase a home located at 1803 Applebrook Drive in Commerce, Michigan (the "Property"). (*See* Note, ECF #13-2 at 2, Pg. ID

369.) As security for the loan, Plaintiff granted a mortgage against the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"). (*See* Mortgage, ECF #1 at 37-47, Pg. ID 37-47.) On August 31, 2011, MERS assigned the mortgage to Mellon as trustee for the SAMI II Trust (the "Trust"). (*See* the "Assignment," ECF #1 at 55, Pg. ID 55.)[1] The Assignment was recorded with the Wayne County Register of Deeds on September 12, 2011. (*See id.*)

Plaintiffs ultimately defaulted on the mortgage, and Mellon initiated foreclosure by advertisement proceedings. Mellon sent Plaintiffs notice of the foreclosure proceedings on December 2, 2011. (*See* Affidavit of M.C.L. § 600.3205 Notice, ECF #1 at 34, Pg. ID 34.) Mellon purchased the Property at a sheriff's sale for $704,044.01 on March 27, 2012. (*See* Sheriff's Deed on Mortgage Sale, ECF #1 at 28, Pg. ID 28.)

## **PROCEDURAL HISTORY**

On September 14, 2012 – approximately two weeks before the expiration of Plaintiffs' right to redeem the Property pursuant to M.C.L. § 600.3240 – Plaintiffs filed a Complaint against Mellon in Oakland County Circuit Court. (*See* Compl, ECF #1 at 12, Pg. ID 12.) The Complaint contains four counts: (I) quiet title; (II)

---

[1] Specifically, MERS assigned the mortgage to Mellon "as successor trustee to JPMorgan Chase Bank, N.A., as trustee for the holders of SAMI II Trust 2006-AR3, Mortgage Pass-Through Certificates, Series 2006-AR3." (*Id.*; internal capitalization modified.)

illegal foreclosure by advertisement; (III) lack of capacity to initiate foreclosure; and (IV) violation of M.C.L. § 600.3205c (the "Loan Modification Statute"). Plaintiffs seek entry of an order setting aside the foreclosure sale and granting them title to the Property. (*Id.* at 16, Pg. ID 16.)

Mellon removed the action to this Court (*see* Notice of Removal, ECF #1 at 1, Pg. ID 1), and on April 18, 2014, Mellon filed the instant motion to dismiss. (*See* Mellon Mot. at ECF #13.) On July 2, 2014, the Court notified the parties that it would decide the Mellon's Motion without oral argument pursuant to Local Rule 7.1(f)(2). (*See* ECF #20.)

## GOVERNING LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512

(6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[2]

## ANALYSIS

Once the statutory deadline for redeeming a foreclosed property has expired – as it has in this case[3] – a mortgagee may invalidate the foreclosure and sheriff's sale "only by demonstrating fraud or irregularity in the foreclosure proceedings."

---

[2] "In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record." *Holliday v. Wells Fargo Bank, NA*, No. 13-cv-11062, 2013 WL 3880211, at *2 (E.D. Mich. July 26, 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[3] Plaintiffs filed this action approximately two weeks before the redemption period expired. However, it is well-established that the filing of a lawsuit challenging a foreclosure sale does not toll the redemption period. *See Overton v. Mortgage Electronic Registration Systems,*, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009); *Schulthies v. Barron*, 16 Mich. App. 246, 247-48 (2007) (Michigan law "does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement in the absence of a clear showing of fraud or irregularity"). In this case, the redemption period expired on or about September 27, 2012.

*Kopko v. Bank of N.Y. Mellon*, No. 12–13941, 2012 WL 5265758, at *8 (E.D. Mich. Oct. 23, 2012) (collecting authority). "The type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure sale itself." *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec.28, 2001) (citing *Freeman v. Wozniak*, 241 Mich. App. 633, 637–38, (Mich. Ct. App. 2000)).

In this case, Plaintiffs have asserted two theories of fraud or irregularity. But both of Plaintiffs' theories have been rejected – resoundingly – by other courts in this District on facts similar to those present here. *See, e.g.*, *Yono v. Deutsche Bank Nat. Trust Co.*, No. 13-cv-13218, 2014 WL 806445 (E.D. Mich., Feb. 28, 2014); *Holliday*, 2013 WL 3880211; *Staley v. Bank of New York Mellon*, No. 12-cv-14784, 2013 WL 639181 (E.D. Mich., Feb. 21, 2013). This Court has evaluated Plaintiffs' assertions and concludes that Plaintiffs have failed to plead fraud or irregularity sufficient to set aside the foreclosure and sheriff's sale.

### A.    Mellon's Alleged Failure to Comply with the Loan Modification Statute Does Not Constitute Fraud or Irregularity Sufficient to Invalidate the Foreclosure and Sheriff's Sale

First, Plaintiffs allege that Mellon failed to comply with the Loan Modification Statute and that this failure was an irregularity of sufficient

magnitude to warrant setting aside the foreclosure and sheriff's sale.[4] Plaintiffs are wrong as a matter of law.

The Loan Modification Statute requires a lender – upon a borrower's request and prior to initiating foreclosure proceedings – to "work with the borrower to determine whether the borrower qualifies for a loan modification." M.C.L. § 600.3205c(1). Plaintiffs contend that they contacted Mellon to initiate the loan modification process but that Mellon "failed to complete the [l]oan [m]odification process and subsequently … denied Plaintiffs a [l]oan [m]odification." (Compl. at ¶9(a)-(b).) Plaintiffs also allege that Mellon failed to send Plaintiffs a denial letter containing certain calculations, as required under the Loan Modification Statute. (Compl. at ¶9(c).)[5]

---

[4] Although the Loan Modification Statute has been repealed, *see* P.A. 2012, No. 521 (eff. June 30, 2013), it was in effect at all times relevant here.

[5] The Court notes that the Complaint is extremely short on facts to support Plaintiffs' contentions that (1) they sought to initiate the loan modification process and (2) Mellon did not comply with the Loan Modification Statute. For instance, Plaintiffs have "fail[ed] to plead any specific facts as to *how* they made the purported request [for a modification] (i.e., in writing, verbally); *when* they made it; or *to whom* it was directed." *West v. Wells Fargo Bank, N.A.*, 2013 WL 3213269, at *3 (emphasis in original). Plaintiffs do not even attempt to demonstrate that they would have qualified for a loan modification. *See, e.g.*, *id.* (finding that "Plaintiffs' bare assertions [that they were qualified for a modification] are insufficient to sustain their claim"). Courts in this District have held that allegations similar to Plaintiffs' fall "well short" of meeting the pleading standards in *Twombly* and *Iqbal, supra*. *See Thill v. Ocwen Loan Servicing, LLC*, No. 13-cv-14151, 2014 WL 1274080 at *3 (E.D. Mich. March 31, 2014) (collecting cases). Plaintiffs' failure to plead specific facts regarding this

6

Even if, as Plaintiffs allege, Mellon did not comply with the Loan Modification statute, such noncompliance would not invalidate the sheriff's sale. Indeed, other courts in this District have "uniformly" held that noncompliance with the Loan Modification Statute is insufficient to set aside a foreclosure and sheriff's sale. *Kopko v. Bank of New York Mellon*, No. 12-cv-13941, 2012 WL 5265758, at *14-15 (E.D. Mich., Oct. 23, 2012) (collecting authority).[6]

The Loan Modification Statute provides a single remedy for violations: "the borrower may file an action … to convert the foreclosure proceeding to a judicial foreclosure." M.C.L. § 600.3205c(8). Thus, even if, as Plaintiffs allege, Mellon violated the Loan Modification Statute, Plaintiffs' exclusive remedy – a remedy they failed to pursue – was to file an action to convert the foreclosure by advertisement into a judicial foreclosure. Mellon's alleged violation of the statute simply does not invalidate the foreclosure and sheriff's sale. *See, e.g.*, *Adams v. Wells Fargo Bank*, No. 11-cv-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("[The Loan Modification Statute] allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those

---

allegation is an independent basis on which to find that they fail to state a claim on which relief can be granted. *See id.*

[6] *See also Holliday,* 2013 WL 3880211, at *4; *Rugiero v. Flagstar Bank, FSB*, No. 11-cv-12312, 2013 WL 1316910, *9-10 (E.D. Mich., Mar. 29, 2013); *Acheampong v. Bank of New York Mellon*, No. 12-cv-13223, 2013 WL 173472, *8 (E.D. Mich., Jan. 16, 2013).

borrowers to avoid foreclosure altogether or set aside a completed foreclosure")).[7] Therefore, Mellon's alleged violation of the Loan Modification Statute does not warrant setting aside the foreclosure and sheriff's sale.

**B. Mellon's Alleged Noncompliance with Michigan's Foreclosure-by-Advertisement Statute is Not a Basis on Which to Invalidate the Foreclosure and Sheriff's Sale**

Plaintiffs also allege that Mellon violated M.C.L. § 600.3204 (the "Foreclosure-by-Advertisement Statute") and that this additional irregularity requires the Court to set aside the foreclosure and sheriff's sale. (*See* Pla.'s Resp. Br. at 8, pg. ID 577.) Plaintiffs argue that Mellon violated subsection (1)(d) of the Foreclosure-by-Advertisement Statute, which provides that a party may foreclose on a mortgage only if it is "either the owner of the indebtedness or of an interest in

---

[7] Plaintiffs argue that they may maintain their claim to set aside the foreclosure and sheriff's sale based upon Mellon's alleged violation of the Loan Modification Statute because "the Court simply cannot conclude at this early stage that the alleged defect resulted in no prejudice to [Plaintiffs]." (Pla.'s Resp. Br., ECF #18 at 14, Pg. ID 583; quoting *Roller v. Federal Nat'l Mortg. Ass'n*, No. 12-cv-11236, 2012 WL 5828625 (E.D. Mich., June 4, 2012).) However, whether Plaintiffs' suffered prejudice is not relevant to their claim that the Court should invalidate the foreclosure and sheriff's sale based upon Mellon's alleged violation of the Loan Modification Statute. The plain language of the statute "provides only one remedy – conversion to a judicial foreclosure," and that is the sole remedy even if the alleged violation causes prejudice. *Holliday*, 2013 WL 3880211, at *6, n.3. Moreover (and in any event), Plaintiffs have not specifically alleged that they suffered any prejudice as a result of Mellon's purported violation of the Loan Modification Statute. *See, e.g.*, *Yono*, 2014 WL 806445, at *5 (holding that allegations like those made by Plaintiffs here – that defendant violated the Loan Modification Statute – did not establish prejudice).

the indebtedness secured by the mortgage or the servicing agent of the mortgage." (*See id.*; M.C.L. § 600.3204(1)(d)) Although the basis of their claim is not entirely clear, Plaintiffs appear to argue that (1) Mellon lacked the capacity to foreclose under the statute because the mortgage on the Property was assigned to the Trust after the Trust's closing date and (2) Mellon's lack of capacity to foreclose amounts to an irregularity that requires the setting aside of the foreclosure and sheriff's sale.[8] This argument fails for two independent reasons.

First, as the United States Court of Appeals for the Sixth Circuit recently held in *Smith*, 517 Fed. App'x. at 395, Plaintiffs do not have standing to raise their lack-of-capacity-to-foreclose argument. In *Smith*, the borrower argued that the bank lacked the capacity to foreclose because it "never received ownership of the mortgage because the assignment of the mortgage to the Trust violated the terms of the Trust's [PSA]." *Id.* at 397. More specifically, the borrower asserted that "the mortgage entered the Trust after the [PSA's] defined 'closing date' of the Trust, and therefore, the assignment of the mortgage was invalid." *Id.* However, the

---

[8] Specifically, Plaintiffs claim that the mortgage was transferred into the Trust "on or about August 31, 2011, five years after the closing date which is a prerequisite to capacity." (*Id.* at 9, pg. ID 578.) Plaintiffs assert that Mellon "has failed to establish that it has followed the terms of the PSA in that the closing date of the Trust was in 2006." (*Id.*) Although Plaintiffs do not explain what they mean by "PSA," based on a review of other foreclosure cases, the Court understands Plaintiffs to refer to the Trust's "pooling and servicing agreement" (hereinafter, "PSA"). *See, e.g., Smith v. Litton Loan Servicing, LP*, 517 Fed. App'x. 395, 397 (6th Cir. 2013).

9

Sixth Circuit held that because the borrower "was neither a party nor a third-party beneficiary to the [PSA] … even if its terms were violated, [the borrower] may not challenge compliance with the [PSA]." *Id*. *See also Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 Fed. App'x. 97, 102 (6th Cir. 2010) ("[A] litigant who is not a party to an assignment lacks standing to challenge that assignment"). In this case, as in *Smith*, Plaintiffs have not alleged that they were parties or third-party beneficiaries to the PSA. Accordingly, even if the assignment of Plaintiffs' mortgage to Mellon did violate the terms of the Trust's PSA, Plaintiffs lack standing to argue that (1) the ineffective assignment deprived Mellon of the capacity to foreclose by advertisement and (2) Mellon's alleged lack of capacity to foreclose by advertisement amounted to an irregularity in the foreclosure process that warrants setting aside the foreclosure and sheriff's sale.

Second, even if Plaintiffs did have standing to argue that Mellon's lack of capacity to foreclose amounted to an irregularity in the foreclosure process, they would still not be entitled to an order setting aside the foreclosure and sheriff's sale because they have failed to allege that this purported irregularity caused them cognizable prejudice. Indeed, the case law is clear: "defects under [the Foreclosure-by-Advertisement Statute] are only actionable on a showing of prejudice." *Holliday*, 2013 WL 3880211 at *5 (citing *Kim*, 825 N.W. 2d at 329).

10

As the Michigan Supreme Court held in *Kim*, in order to set aside a foreclosure sale due to a violation of the Foreclosure-by-Advertisement Statute, "plaintiffs must show that they were prejudiced by defendant's [noncompliance]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." 825 N.W. 2d at 337.[9]

Plaintiffs have not alleged that they suffered any specific prejudice as a result of Mellon's alleged violation of the Foreclosure-by-Advertisement Statute. Indeed, this case is similar to *Conlin*, in which the Sixth Circuit held that even if the foreclosing bank had violated the statute, the borrower would not have been able to demonstrate prejudice – as required – because "he has not shown that he [would] be subject to liability from anyone other than [the foreclosing bank]; he has not shown that he would have been in any better position to keep the property absent the defect; and he has not shown that he has been prejudiced in any other way." 714 F.3d at 362; *see also Holliday*, 2013 WL 3880211 at *5 (finding that plaintiff – whose allegations were not materially distinguishable from those made

---

[9] Plaintiffs cite *Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949 (6th Cir. 2012) for the proposition that a violation of the Foreclosure-by-Advertisement Statute "voids the foreclosure resulting in a redemption period that never even began." (Pla.'s Resp. Br. at 11, Pg. ID 580.) However, Plaintiffs reliance on *Mitan* is misplaced because *Kim* "expressly overruled" *Mitan*. *Yono*, 2014 WL 806445, at *4 ("*Kim* is recognized as having overruled *Mitan's* determination that a structural defect renders a foreclosure void rather than voidable").

by Plaintiffs here – failed to allege prejudice from a purported violation of the Foreclosure-by-Advertisement Statute). Because Plaintiffs have failed to allege prejudice, they are not entitled to have the foreclosure and sheriff's sale set aside on the ground that Mellon foreclosed in violation of the Foreclosure-by-Advertisement Statute.[10]

## CONCLUSION

None of the substantive counts in Plaintiffs' Complaint states a claim on which relief can be granted. Although the Complaint contains several purportedly independent grounds for relief, each of the counts is essentially derivative of one of Plaintiffs' two alleged irregularities: Mellon's alleged violations of the Loan Modification and Foreclosure-by-Advertisement Statutes. For the reasons discussed above, these alleged "irregularities" are not sufficient to warrant setting

---

[10] Although not entirely clear, Plaintiffs also appear to allege that Mellon violated subsection (3) of the Foreclosure-by-Advertisement Statute. (*See* Compl. at ¶27; M.C.L. § 600.3204(3).) Subsection (3) provides that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale … evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. § 600.3204(3). For the same reasons discussed above, this claim fails: (1) Plaintiffs lack standing to challenge the foreclosure under this section, *see, e.g., Staley*, 2013 WL 639181, at *3, and (2) they have not pleaded prejudice, as required, *see, e.g., Kim,* 825 N.W. 2d at 329. Moreover, even if Plaintiffs had standing (which they do not) and had pleaded prejudice (which they have not), this claim would fail because a record chain of title existed before the date of the sheriff's sale. *See, e.g., Holliday*, 2013 WL 3880211, at *4.

aside the foreclosure and sheriff's sale. Accordingly, Plaintiffs are not entitled to relief under any of the legal theories advanced in their Complaint.

For all of the reasons stated in this Opinion and Order, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (ECF #13) is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(313) 234-5113